**E-FILED**
Tuesday, 22 May, 2012  09:52:26 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DAVID ROBERT BENTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3403 |
| | ) | |
| | ) | |
| BRENT FISCHER, et al., | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Menard Correctional Center, pursues claims of excessive force and deliberate indifference to his serious medical needs. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is

"frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Amended Complaint is clear enough on its own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

On October 31, 2009, while Plaintiff was detained at the Adams County Jail, Defendant Smith allegedly struck Plaintiff's hand with a weapon, fracturing Plaintiff's hand. Jail officers delayed taking Plaintiff to the medical unit for three days, despite his pleas and obvious injury. The medical professionals working at the Jail allegedly failed or refused to prescribe pain medication and failed to treat Plaintiff's broken hand, even though x-rays showed a fracture. Plaintiff alleges that the Jail has an official policy of substituting cheap, ineffective treatment for needed

treatment in order to save costs.

Plaintiff was taken to a doctor at Quincy Medical Group, Defendant Dement, who allegedly "erroneously" declared that the hand was not broken. (Complaint, p. 7). Dr. Dement did prescribe a splint and recommended a follow-up visit, but the Jail Defendants failed or refused to take Plaintiff to the follow up appointment. The Jail Defendants also delayed or denied Plaintiff his prescribed pain medication and generally conspired to keep Plaintiff from obtaining the medical care he needed.

The lack of medical care continued when Plaintiff was transferred from the Jail into the IDOC. Defendants at Graham, Stateville, and Pontiac Correctional Center all denied Plaintiff the medical diagnosis and treatment he needed to have his hand fixed. Additionally, Plaintiff's prescribed hand brace was confiscated and pain medication was not provided. Plaintiff appears to allege that he still has not received necessary medical treatment for his hand. He fears permanent disability.

## ANALYSIS

I. **Plaintiff states claims for excessive force and deliberate indifference to his serious medical needs resulting from that excessive force.**

The Court presumes that Plaintiff was a pretrial detainee when these incidents occurred, which means that his claims are analyzed under the due process clause of the Fourteenth Amendment. For Plaintiff's excessive force claim, the Fourteenth Amendment entitles Plaintiff to "at least as much, and probably more, protection against punishment as does the Eighth Amendment's ban on cruel and unusual punishment." Forrest v. Prine, 620 F.3d 739, 744 (7th Cir. 2010); Lewis v. Downey, 581 F.3d 467, 474 (7th Cir. 2009)(in an excessive force claim, due process clause prohibits all "punishment," providing "broader protection" than the Eighth Amendment, "[a]lthough the exact contours of any additional safeguards remain undefined . . . .").

Plaintiff states a constitutional excessive force claim against Defendant Scott Smith, who allegedly maliciously struck Plaintiff with a weapon, fracturing Plaintiff's hand. *See* Hudson v. McMillian, 503 U.S. 1, 5 (1992)(Excessive force is force applied "maliciously and sadistically to cause harm," as opposed to force applied "in a good-faith effort to

maintain or restore discipline."). Plaintiff also sets forth arguable state law claims for assault and battery against Defendant Smith.

Plaintiff also states a claim for deliberate indifference to his hand injury. A more developed record may show that many of the Defendants were not personally responsible for the lack of medical care provided to Plaintiff. For example, non-medical professionals are generally entitled to rely on the treatment decisions of the medical professionals. Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("'If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted). However, that determination would be premature on this record. Plaintiff alleges that his hand was obviously broken and that the Jail officers intentionally delayed his access to medical treatment and then refused to follow prescribed orders.[1]

---

[1]The Court notes that Plaintiffs' allegations regarding a conspiracy to prevent him from obtaining medical care is not a separate claim, but is instead a different theory to recover on the same claim. See Libra v. City of Litchfield, 893 F.Supp. 1370, 1375 (C.D. Ill. 1995)(civil conspiracy claim, "as a practical matter, . . . simply broadens the scope of liability under § 1983 to include individuals who were part of a conspiracy but

However, Plaintiff states no federal claims against the doctors outside the prisons and the jail—Defendants Ogle and Dement. Private persons are generally not "state actors" absent collusion with a government official to deprive an individual of constitutional rights or "'willful participa[tion]'" in state actions. Thurman v. Village of Homewood, 446 F.3d 682, 687 (7th Cir. 2006). No plausible inference arises that Ogle or Dement were state actors. If Plaintiff is trying to pursue a state law malpractice claim against Defendants Ogle and Dement, he must attach the documents required by 735 ILCS 5/2-622(1).

Plaintiff also states no claim against the prison wardens, the current and former IDOC Directors and Acting Director, or the Administrative Review Board Members. Administrators are not liable for their subordinates' constitutional violations solely because they are in charge, and, in this context, ruling against Plaintiff in a grievance is not a constitutional violation. Chavez v. Illinois State Police, 251 F.3d 612,

---

did not act directly to deprive a plaintiff of his or her constitutional rights.").

651 (7th Cir. 2001)(no respondeat superior liability under § 1983); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); Johnson v. Snyder, 444 F.3d 579, 583-84 (7th Cir.2006)(liability under § 1983 requires personal involvement). Defendants Ogle, Dement, Benton, Randle, Taylor, Godinez, Pfister, Ott, and Hardy will therefore be dismissed.

Lastly, Plaintiff asserts that Defendants' refusal to fix his hand violates his First Amendment rights because he has difficulty writing, drawing, and painting. However, this is a consequence of the underlying constitutional violations (the excessive force and failure to provide medical treatment), not an independent violation of the First Amendment. The consequences suffered by Plaintiff may be part of his damages,[2] but are not grounds for an additional claim.

II.    Plaintiff's motion for counsel is denied.

---

[2]The Court is not determining at this point whether such damages would be recoverable.

Plaintiff has filed a motion for the appointment of pro bono counsel and has demonstrated reasonable attempts to find counsel on his own. The Court may therefore proceed to the next step in the inquiry: "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing* Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993). As the Seventh Circuit stated in Pruitt:

> the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'"

Pruitt, 503 F.3d at 655 (quoted and other cites omitted). A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors, though there are no "fixed requirements." Id. at 655. "Intellectual capacity and psychological history, to the extent that they are known, are also relevant. The plaintiff's performance up to that point in the litigation may be some evidence of these factors, but, in

9

the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" Santiago v. Walls, 599 F.3d 749, 762 (7th Cir. 2010), *quoting* Pruitt, 503 F.3d at 656. The Court cannot require an attorney to accept pro bono appointment on a civil case such as this. Pruitt, 503 F.3d at 653 (in forma pauperis statute "'does not authorize the federal courts to make coercive appointments of counsel.'")(quoted cite omitted).

    Plaintiff does not say what his education level is, but his Complaint is well written, coherently sets forth relevant facts, and demonstrates some knowledge of applicable law and civil procedure. His motion for counsel and his two preliminary injunction motions also demonstrate his competence to proceed pro se. Plaintiff appears to have one other pending case in federal court, and the motions he has filed therein also demonstrate his competence. Bentz v. Godinez, 12-CV-1753 (N.D. Ill., Judge Leinenweber). Further, the claims in this case appear relatively simple. Plaintiff can testify personally to the excessive force, his pain and

difficulty functioning, and his attempts to obtain help. He should also be able to obtain, through simple discovery requests, his medical records and the recommendations of the outside consultants. *See* Ledford v. Sullivan, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference). Copies of grievances and responses thereto should also be obtainable in discovery. Accordingly, based on the current record, the Court concludes that Plaintiff appears competent to proceed pro se.

IT IS THEREFORE ORDERED:

   1) Pursuant to a merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a federal claim for excessive force against Defendant Smith, and state law claims against Smith for assault and battery. Plaintiff also states a claim for deliberate indifference to his serious medical needs arising from injuries and pain caused by that excessive force.

   2) Plaintiff's First Amendment claim, to the extent he pursues one, is dismissed for failure to state a claim.

3) The following Defendants are dismissed for failure to state a claim against them: Ogle, Dement, Benton, Randle, Taylor, Godinez, Pfister, Ott, and Hardy.

4) This case proceeds solely on the claims identified in paragraph one above. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

5) Plaintiff's motion to appoint counsel is denied (d/e 19).

6) Plaintiff's motions for a preliminary injunction are denied, with leave to renew (d/e's 13, 14). Plaintiff's first motion for a preliminary injunction seeks treatment for his hand and medical permits. At this point Plaintiff has not yet demonstrated a likelihood of success on the merits of his medical claims. "'[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it.'" Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of America, 549 F.3d 1079, 1085 (7th Cir. 2008)(quoted cites omitted). Plaintiff must do more than state a claim under notice

pleading standards to obtain preliminary injunctive relief.

Plaintiff's second motion for a preliminary injunction asks for access to the law library and a stop to alleged retaliation. These allegations do not demonstrate irreparable harm. Further, a blanket order prohibiting undefined "retaliation" would not satisfy the requirements for preliminary injunctive relief under 18 U.S.C. § 3626(a)(2). Lastly, Plaintiff does not need access to the law library at this time. After Defendants are served and discovery deadlines are set, Plaintiff may file a motion to access the library.

7) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and, 4) this order.

8) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to

Federal Rule of Civil Procedure 4(d)(2).

9) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

10) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

11) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper

received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

12) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

13) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on July 23, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough, by video conference. The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

14) Counsel for Defendants is hereby granted leave to depose

15

Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

15) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

16) The Clerk is to notify the parties of their option to consent to disposition of this case before a United States Magistrate Judge by providing Plaintiff with a magistrate consent form. Upon receipt of a signed consent from Plaintiff, the Clerk shall forward the consent to Defendants for consideration.

ENTERED: May 22, 2012

FOR THE COURT:

s/Sue E. Myerscough  
SUE E. MYERSCOUGH  
UNITED STATES DISTRICT JUDGE